(Licking County, O., Common Pleas.)
January, 1898.

## STATE OF OHIO v. MAMIE BOWERS.

(1). In an indictment for a crime the allegations of the indictment must specify with certainty every element of the crime; but no particular words need be used to make the allegation.

(2). An indictment for perjury charged the defendant that she did "corruptly, wilfully and feloniously depose", etc., leaving out the word "falsely". Held, sufficient as against demurrer to the indictment.

---

JONES, J.

The case of the State of Ohio v. Mamie Bowers is submitted to the court upon a demurrer to the indictment. This indictment is one against Mamie Bowers for perjury alleged to have occurred in her testimony in a case in which her mother, Ada Bowers, was plaintiff, and Charles Clark was defendant, tried in this court two terms ago, alleging the time and the necessary allegations as to the authority of the clerk to administer the oath, and the materiality of the testimony, and setting forth her testimony in which it is claimed she committed perjury, and negativing the truth of what she testified to.

The objection urged upon this demurrer is that the indictment does not state that she falsely deposed and declared in that action. The allegation in the indictment is that: "The said Mamie Bowers did corruptly, wilfully and feloniously depose and declare certain matters;" that those matters, it goes on to say, were not true, and then ends the statement of it: "She, the said Mamie Bowers, then and there well knowing the matters so as aforesaid by her deposed to and declared to be true, then and there to be false." Now, it is urged that it is necessary in an indictment for perjury, and indispensable, to assert that the declaration was false—that is, wilfully, feloniously and corruptly, and that the word "falsely" is not here.

There are two rules with reference to the law on the subject of indictments that come up to our view in the consideration of this question. One is, that in an indictment for a crime the allegations of the indictment must specify with certainty every element of the crime; and the other is that no particular words need be used to make the allegation. Now, the statute provides for the crime of perjury, sec. 6897, Rev. Stat.: "Whoever, either verbally or in writing on oath lawfully administered, wilfully and corruptly states a falsehood as to any material matter, etc." The word "false" has two meanings. Primarily it means that which is not true. Derivatively it means that which is stated to be true, intending to state it as a truth, which is not true, or of the

truth of which the party stating it has not probable ground. When a statement is made that is intentionally false, that is a falsehood. Something less than that may be a falsehood, but when a statement is made that is intentionally, wilfully and knowingly false, that is a falsehood, whatever else may be a falsehood. Of course, in the law the word "false" is used with this last meaning more frequently than with the other. Perhaps in common parlance the primary meaning is used more frequently than the secondary meaning, but there are many instances in the law where "false" means a statement made for truth which the party knows is not true, or which is made without any proper ground in the mind of the party making it that it is true There are many instances. Under the tax laws, a false return must be a statement made of a person's property with the intention of concealing the property or without sufficient ground for leaving out some item of property. In the case of false pretenses, it is an intentional statement or a reckless, careless statement of some fact by which to gain an advantage. There are many other instances of that use of the meaning of the word "false". Now it appears in this indictment that Mamie Bowers made these statements wilfully. "Wilfully" means with the intention of making the exact statement; not by mistake, but intending to make the statement that is made by the witness. If it appears from this indictment that Mamie Bowers wilfully, in that sense, made these statements, knowing them to be false, then, whatever else is perjury, that is perjury. The state has seen fit in this indictment to make that the statements of facts to constitute perjury. They have not placed themselves upon the ground that she made these statements without probable cause, believing them to be true, but that she made these statements knowing them to be untrue. Whatever else is perjury, that is perjury.

No particular words need be used in an indictment charging a crime in this state. While the old forms almost universally contain the words "falsely, wilfully and corruptly" and sometimes "feloniously," this indictment leaves out the word "falsely," but says that she made these statements under oath, as to matters material to the action, knowing at the time she made them that they were false. I do not see why that does not charge the crime of perjury. Perhaps it places the burden upon the state to show that she knew that these statements were false. But that must appear from these statements. If it had said falsely," without saying that she knew them to be false, then that might give the state the liberty to show that she did not have sufficient ground. They have not stated it that way. They assume the burden of showing that,

at the time she made these statements, she knew that they were false.

The demurrer may be overruled.

T. W. Phillips and B. G. Smythe, for the state.

Edward Kibler and P. F. Koontz, for Defendant.